1  UNITED STATES DISTRICT COURT

2  EASTERN DISTRICT OF NEW YORK

3  UNITED STATES OF AMERICA,  .  Docket No.
                              .  1:24-CR-00346-BMC-2
4        Government,          .
                              .
5          v.                 .  Brooklyn, New York
                              .  Tuesday, September 3, 2024
6  LINDA SUN AND CHRIS HU,    .  3:14 p.m.
                              .
7        Defendant.           .
   . . . . . . . . . . . . .  .
8
   .
9
        TRANSCRIPT OF INITIAL APPEARANCE FOR ARRAIGNMENT
10              BEFORE THE HONORABLE PEGGY KUO
            UNITED STATES MAGISTRATE JUDGE
11
   APPEARANCES:
12
   For the Plaintiff:        United States Attorney's Office
13                           ALEXANDER A. SOLOMON, AUSA
                             ROBERT POLLACK, AUSA
14                           271 Cadman Plaza East
                             4th Floor
15                           Brooklyn, New York  11201
                             718-254-6074
16
   For the Defendant, Chris  Bracewell, LLP
17 Hu:                       SETH DAVID DUCHARME, ESQ.
                             NICOLE BOECKMANN, ESQ.
18                           ANISSA LAURA ADAS, ESQ.
                             31 West 52nd Street
19                           Suite 1900
                             New York, New York  10019
20                           212-508-6165

21 For the Defendant, Linda  Abell Eskew Landau, LLP
   Sun                       JARROD L. SCHAEFFER, ESQ.
22                           KENNETH M. ABELL, ESQ.
                             256 5th Avenue
23                           5th Floor,
                             New York, New York  10001
24
   Also Present:             Linda Sun, Defendant
25                           Chris Hu, Defendant

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com

1                          Mary Clare McMahon, Litigation
                           Analyst
2                          Felicia Lock, Suretor
                           Stephen Wong, Suretor
3                          Chi Seng Chung, Suretor
                           En Chang Yang, Suretor
4

5   Transcription Service:      Superior Reporting Services LLC
                                P.O. Box 5032
6                               Maryville, TN 37802
                                865-344-3150
7

    Proceedings recorded by electronic sound recording;
8   transcript produced by transcription service.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          P R O C E E D I N G S

2          THE COURTROOM DEPUTY:  Case number 24cr346, United

3   States versus Linda Sun and Chris Hu.  Counsel, starting with

4   Plaintiff, please state your appearances?

5          MR. SOLOMON:  Good afternoon, Your Honor.  Alex

6   Solomon for the Government, joined by Robert Pollack and

7   analyst, Mary Clare McMahon.  We also have seated at

8   Government table, two agents from the FBI.

9          MR. SCHAEFFER:  Good afternoon, Your Honor.  Jarrod

10  Schaeffer and Ken Abell, Abell Eskew Landau, for Ms. Linda

11  Hu, who's sitting at my right.

12         THE COURT:  All right.

13         MR. DUCHARME:  And for Chris Hu, Seth DuCharme.

14  I'm joined by my colleagues, Nicole Boeckmann and Anissa

15  Adas.  Good afternoon, Your Honor.

16         THE COURT:  All right.

17         MS. BOECKMANN:  Good afternoon.

18         THE COURT:  Good afternoon, everyone.  The purpose

19  of the proceeding today is to make sure that the defendants

20  understand their rights and what they're charged with and to

21  determine whether they should be released on bail or held in

22  jail.

23         Ms. Sun and Mr. Hu, you have the right to remain

24  silent.  You are not required to make any statements.  If

25  you've made any statements, you don't need to make any more.

1 If you start to make a statement, you can stop at any time.

2 Any statements you do make can be used against you.

3          Ms. Sun, do you understand?

4          DEFENDANT SUN:  Yes, Your Honor.

5          THE COURT:  Mr. Hu, do you understand?

6          DEFENDANT HU:  Yes, Your Honor.

7          THE COURT:  You have the right to an attorney.  If

8 you cannot afford one, the Court will appoint someone to

9 represent you.  I understand that you each have retained

10 counsel.

11          Ms. Sun, you have been charged by a grand jury in

12 an indictment dated August 26, 2024, with the following

13 counts:  conspiracy to violate the Foreign Agents

14 Registration Act, failure to register under the Foreign

15 Agents Registration Act, visa fraud, four counts of bringing

16 in aliens, and money laundering conspiracy.  Did you receive

17 a copy of the indictment?

18          DEFENDANT SUN:  Yes, Your Honor.

19          THE COURT:  Have you had a chance to talk to your

20 lawyer about it?

21          DEFENDANT SUN:  Yes, Your Honor.

22          THE COURT:  Do you understand what you're charged

23 with?

24          DEFENDANT SUN:  Yes, Your Honor.

25          THE COURT:  Do you want me to read the charges out

1  loud, or do you waive a public reading?

2  DEFENDANT SUN:  I'll waive a public reading.

3  THE COURT:  How do you plead to the charges, guilty

4  or not guilty?

5  DEFENDANT SUN:  Not guilty.

6  THE COURT:  Thank you.  Mr. Hu, you are charged

7  with the following counts in the indictment:  conspiracy to

8  commit bank fraud, misuse of means of identification, and

9  money laundering conspiracy.  Did you receive a copy of the

10  indictment?

11  DEFENDANT HU:  Yes, Your Honor.

12  THE COURT:  Did you have a chance to talk to your

13  lawyer about it?

14  DEFENDANT HU:  Yes, Your Honor.

15  THE COURT:  Do you understand what you're charged

16  with?

17  DEFENDANT HU:  Yes, Your Honor.

18  THE COURT:  Do you want me to read the charges out

19  loud?

20  DEFENDANT HU:  No, Your Honor.

21  THE COURT:  All right.  And how do you plead to the

22  charges, guilty or not guilty?

23  DEFENDANT HU:  Not guilty.

24  THE COURT:  Thank you very much.  So I will take

25  the opportunity now to remind the prosecution, pursuant to

1  Federal Rule of Criminal Procedure 5f, of its obligation

2  under Brady versus Maryland and its progeny to disclose to

3  the defense as soon as reasonably possible all information,

4  whether admissible or not, that is favorable to the

5  defendants and material either to guilt or to punishment.

6  Possible consequences of noncompliance may include dismissal

7  of individual charges or the entire case, exclusion of

8  evidence, and professional discipline or court sanctions on

9  the attorneys responsible for the noncompliance.

10       I will be entering a written order that more fully

11  describes this obligation and the possible consequences of

12  failing to meet it.  I direct the prosecution to review and

13  comply with that order.

14       Mr. Solomon, does the prosecution confirm that it

15  understands its obligations and will fulfill them?

16       MR. SOLOMON:  We so confirm.

17       THE COURT:  All right.  Thank you very much,

18  everyone.  So with respect to bail, I understand the parties

19  have reached an agreement and the Government is not seeking

20  detention of this case; is that right?

21       MR. SOLOMON:  That is correct.

22       THE COURT:  Okay.  So let me hear from you what the

23  conditions are.

24       MR. SOLOMON:  Broadly speaking, Your Honor, the

25  conditions are a $1.5 million bond for Ms. Sun and a $0.5

1 million bond for Mr. Hu, with certain travel restrictions and

2 otherwise standard limitations.  With respect to Ms. Sun,

3 there's also travel limitation of no travel to the PRC

4 Consulate or Mission here in New York City.

5         THE COURT:  Okay.  There are different suretors for

6 each person.  Okay.  So from counsel, I'll hear from each of

7 you about the suretors that you're proposing.

8         MR. SCHAEFFER:  Thank you, Your Honor.  We are

9 proposing three suretors for Ms. Hu.  Two of them would sign

10 the bond today, and they're here outside the courtroom, and

11 one is not available today but has been interviewed by the

12 Government over the phone.  We understand that all three of

13 them are acceptable to the Government.

14         THE COURT:  Okay.  Great.  And then, Mr. DuCharme?

15 Oh, yes.

16         MS. BOECKMANN:  Yes, Your Honor.  We have two

17 suretors, both of whom have been interviewed by Mr. Solomon,

18 and we propose they are both present in court and prepared to

19 sign the bond today.

20         THE COURT:  Okay.  So I'll have each of the

21 suretors come up, and I'll speak to each of them.

22         THE CLERK:  The judge is going to ask some

23 questions, so I'm going to put you under oath.  Please raise

24 your hand.

25                 EN CHANG YANG, WITNESS, sworn

1              FELICIA LOCK, WITNESS, sworn

2              STEPHEN WONG, WITNESS, sworn

3            CHI SENG CHUNG, WITNESS, sworn

4        THE CLERK:  State your name for the record.

5        MR. YANG:  Name?  En Chang Yang (ph.).

6        THE CLERK:  Thank you.

7        MS. LOCK:  Felicia Lock (ph.).

8        MR. WONG:  Stephen Wong (ph.).

9        MR. CHUNG:  Chi Seng Chung (ph.).

10        THE CLERK:  Thank you.

11        THE COURT:  All right.  Good afternoon, everyone.

12        MR YANG:  Hi.

13        THE COURT:  I understand that you are each willing

14   to act as a suretor, Ms. Lock and Mr. Yang, for Linda Sun,

15   and then Mr. Chung and Mr. Wong for Mr. Hu, for Brian

16   Hu -- sorry, for Chris Hu.  Let me explain to you what it

17   means to be a suretor, and then I will ask you if you

18   understand what it means and whether you still want to act as

19   a suretor.  So I'm going to ask you a couple of questions

20   first.

21        I'll start with Mr. Yang.  How do you know Linda

22   Sun?

23        MR. YANG:  Her son and my son, they are like best

24   friend.

25        THE COURT:  All right.  And how long have you known

1  each other?

2          MR. YANG:  Around seven year.

3          THE COURT:  Are you working?

4          MR. YANG:  Yes.

5          THE COURT:  What kind of work do you do?

6          MR. YANG:  I'm in construction.

7          THE COURT:  Okay.  And approximately how much money

8  do you make?

9          MR. YANG:  For -- for company?

10          THE COURT:  You personally.

11          MR. YANG:  Around 100,000.

12          THE COURT:  Okay.  Thank you.  And then, Ms. Lock,

13  how about you?  How do you know Linda Sun?

14          MS. LOCK:  Through my husband, Stephen.  Through my

15  husband, Stephen.

16          THE COURT:  And how long have you known each other?

17          MS. LOCK:  Maybe about five, six years.

18          THE COURT:  Are you working?

19          MS. LOCK:  I work for my husband's company.

20          THE COURT:  Okay.  And approximately how much money

21  do you make?

22          MS. LOCK:  Whatever my husband gives me.

23          THE COURT:  Give me a range.

24          MS. LOCK:  I -- I -- $500 -- $500 and -- yeah, oh,

25  I guess a week, maybe.

1          THE COURT:  Okay.  The reason I'm asking about

2     money is because acting as a suretor has financial

3     consequences to you.

4          MS. LOCK:  Sure.

5          THE COURT:  And so I want to make sure that you're

6     able --

7          MS. LOCK:  Yes.

8          THE COURT:  -- to fulfill the obligations and then

9     also that you understand the consequences to you --

10          MS. LOCK:  Yes.

11          THE COURT:  -- if each of the defendants fails to

12     comply --

13          MS. LOCK:  Sure.

14          THE COURT:  -- with the conditions, okay?

15          MS. LOCK:  Yeah.

16          THE COURT:  So I don't mean to ask you very

17     personal questions.

18          MS. LOCK:  No.  That's fine.

19          THE COURT:  I just need to at least establish some

20     foundation.

21          MS. LOCK:  Sure.  Sure.

22          THE COURT:  Okay?  And so, Mr. Wong, tell me how

23     you know Chris Hu.

24          MR. WONG:  I used to do business with him about,

25     like, nine years ago.

1          THE COURT:  Okay.  And what kind of work do you do?

2          MR. WONG:  I own a seafood company.

3          THE COURT:  And approximately how much money do you

4   make?

5          MR. WONG:  About, like, 95,000 a year.

6          THE COURT:  Okay.  Thank you.  And Mr. Chung, how

7   do you know Chris Hu?

8          MR. CHUNG:  I've known Chris Hu over 20 years.

9          THE COURT:  All right.  And what do you do?

10         MR. CHUNG:  I wholesale import footwear.

11         THE COURT:  And approximately how much money do you

12  make?

13         MR. CHUNG:  75,000 a year.

14         THE COURT:  Okay.  Thank you, everyone.  As I

15  mentioned, the reason I'm asking you about the money is that

16  I am releasing Ms. Sun today on a $1.5 million bond and Mr.

17  Hu on a $500,000 bond.  You don't have to pay the money

18  today, and it's possible, if all goes well, that you don't

19  have to pay anything ever, okay?  But if they violate any of

20  the conditions of release, which I'm going to describe in a

21  moment, then you are agreeing to pay the Government that

22  amount.  And so for Ms. Lock and Mr. Yang, that's $1.5

23  million.

24         MR. YANG:  Yes.

25         THE COURT:  All right.  And for Mr. Chung and Mr.

1  Wong, it's $500,000.  Now, just because they're two for

2  each -- two suretors on each of these bonds, it doesn't mean

3  you're splitting the money 50-50.  The Government could come

4  after you for the entire amount, so this is a very serious

5  financial obligation.  And like I said, if the defendants do

6  comply with all the conditions of release, then you don't

7  have to pay anything, and they can stay in the community

8  pending the trial, all right?  So this is very important, and

9  I want to make sure you understand what this means.

10         So I'm going to go over the conditions of their

11  release.  And Ms. Sun and Mr. Hu, I want you to listen

12  carefully because at the end of this, I'm going to ask you if

13  you understand and agree to comply with these conditions.  So

14  for each of you, for Ms. Sun and for Mr. Hu, you must appear

15  for all your court appearances.  If you don't appear, in

16  addition to having your bond revoked, you could also face an

17  additional criminal charge for failure to appear.  You must

18  not commit any federal, state, or local crime while on

19  release.

20         You must cooperate in the collection of a DNA

21  sample if that's authorized by law.  You must advise the

22  Court in writing before you change your residence or your

23  phone number.  You may not possess a firearm, destructive

24  device, or other dangerous weapon.  You may not use or

25  unlawfully possess a narcotic drug except with a prescription

1 by a licensed medical practitioner.  This is a reminder that

2 marijuana is still illegal under Federal Law.

3           Now, the specific conditions of release that apply

4 to both Mr. Hu and Ms. Sun is that they will be placed under

5 the supervision of pretrial services.  So you will have to

6 report to pretrial services as they direct you in person,

7 online, by phone, or otherwise, and they will come visit you

8 at home, and if you're working, at your place of employment

9 to check in on you.  You must surrender any passport.  I

10 understand the passports have already been taken away.  You

11 may not obtain any other passport or travel

12 document -- international travel document.

13           You will both have travel restrictions limiting you

14 to New York City and Long Island as well as to Maine and New

15 Hampshire.  So you can't leave those places.  If you're

16 getting from here to Maine or New Hampshire, you can travel

17 through other states, obviously, to get there, but you may

18 not linger in those places.  And I always point out to people

19 that these travel restrictions don't include upstate New

20 York, and they don't include New Jersey, so it really means

21 that you do need to stay within New York City and Long

22 Island, except to travel to Maine and New Hampshire.

23           For Ms. Sun, you have the additional condition that

24 you may not have any contact with the People's Republic of

25 China Consulate and Mission, and so you may not go there, you

1   may not have contact with anybody affiliated with that

2   entity, you may not have any contact by phone, by email, by

3   social media, no contact at all.  So please make sure that

4   you understand that.  And so these are the conditions of

5   Chris Hu and Linda Sun's release.

6         If they comply, like I said, then they can stay out

7   in the community pending their trial, but if you violate any

8   of these you could have the bond revoked, which means that

9   you will be held in detention pending trial, and the suretors

10  will have to pay the bond, all right?

11        So Mr. Yang, do you understand the conditions of

12  Linda Sun's release?

13        MR. YANG:  Yes.

14        THE COURT:  Do you understand the consequences to

15  you if she violates?

16        MR. YANG:  Yes.

17        THE COURT:  Do you still want to act as a suretor?

18        MR. YANG:  Yes.

19        THE COURT:  All right.  And Ms. Lock, do you

20  understand the conditions of Linda Sun's release?

21        MS. LOCK:  Yes.

22        THE COURT:  Do you understand the consequences to

23  you if she violates?

24        MS. LOCK:  Yes.

25        THE COURT:  Do you still want to act as her

1  suretor?

2          MS. LOCK:  Yes.

3          THE COURT:  And Mr. Wong, do you understand the

4  conditions of Chris Hu's release?

5          MR. WONG:  Yes.

6          THE COURT:  Do you understand the consequences to

7  you if he violates?

8          MR. WONG:  Yes.

9          THE COURT:  Do you still want to act as a suretor?

10         MR. WONG:  Yes.

11         THE COURT:  Mr. Chung, do you understand the

12 conditions of Chris Hu's release?

13         MR. CHUNG:  Yes.

14         THE COURT:  Do you understand the consequences if

15 he violates?

16         MR. CHUNG:  Yes.

17         THE COURT:  And do you still want to act as a

18 suretor?

19         MR. CHUNG:  Yes.

20         THE COURT:  All right.  So I'm going to hand each

21 of you the form so that you can fill in -- you have to fill

22 in your address as well and then sign that indicates that you

23 understand the conditions of your release and agree to act as

24 a suretor for Ms. Sun or for Mr. Hu.

25         Now, Ms. Sun, I want to make sure you understand as

1    well all the conditions of your release?

2          DEFENDANT SUN:  Yes, Your Honor.

3          THE COURT:  Do you agree to abide by all these

4    conditions?

5          DEFENDANT SUN:  Yes, Your Honor.

6          THE COURT:  Do you understand the consequences to

7    you and to your suretors if they fail to comply?

8          DEFENDANT SUN:  Yes, Your Honor.

9          THE COURT:  All right.  And when the suretors are

10   done signing, I will ask you to sign as well indicating your

11   agreement.

12          Mr. Hu, do you understand the conditions of your

13   release?

14          DEFENDANT HU:  Yes, Your Honor.

15          THE COURT:  Do you understand the consequences to

16   you and your suretors if you violate?

17          DEFENDANT HU:  Yes, Your Honor.

18          THE COURT:  And do you agree to abide by all these

19   conditions?

20          DEFENDANT HU:  Yes, Your Honor.

21          THE COURT:  All right.  So as soon as they're done,

22   we'll have that form passed up to you to sign.

23          And I understand that there is going to be a third

24   suretor; is that right?

25          MR. SCHAEFFER:  That's right, Your Honor.

1      THE COURT:  When will that person sign?

2      MR. SCHAEFFER:  That person will sign within the

3  next two days.

4      THE COURT:  Okay.  So that should happen.  Please

5  contact the Court to make that happen, but of course, Ms. Sun

6  will be released today --

7      MR. SCHAEFFER:  Absolutely.

8      THE COURT:  -- notwithstanding that that remains

9  outstanding.

10      Now, while we're doing this, Mr. Solomon, is there

11  anything else from the Government?

12      MR. SOLOMON:  So the initial status conference

13  before Judge Cogan is on September 25th at 3:30 p.m., and the

14  parties have tentatively discussed excluding time.  I'm not

15  sure if it's agreeable yet to the defense, so I await to hear

16  their position.

17      THE COURT:  Okay.

18      MR. DUCHARME:  Your Honor, with respect to Mr. Hu,

19  I've explained to Mr. Hu his rights under the speedy trial

20  act, and it's my understanding that Mr. Hu would like to

21  exercise those rights and pursue a speedy trial, so we'll not

22  be excluding time at today's appearance.

23      THE COURT:  All right.

24      MR. SCHAEFFER:  With respect to Ms. -- Mrs. Hu as

25  well, Your Honor, she is anxious to address these charges and

1  while we may revisit that decision if it turns out that

2  discovery is voluminous or there is a legitimate reason to

3  exclude time, at this point, we are not prepared to do so.

4  THE COURT:  All right.  Thank you.  So the

5  exclusion of time does not require the consent of the parties

6  if the Court finds that the interests of justice are served.

7  At the moment, I don't have enough information to show that

8  there's a -- the interests of justice are served by excluding

9  the 22 days between now and September 25th.

10  MR. SOLOMON:  I'm happy to articulate some reasons

11  for excluding time, Your Honor.

12  THE COURT:  Okay.  Let me excuse the suretors.

13  So for the suretors --

14  Felix, have they all signed?

15  THE CLERK:  Yes.

16  THE COURT:  Okay.  So you're excused.  Now, before

17  you go, I should remind you that being a suretor is

18  completely voluntary.  You don't have to do it.  So if at any

19  point you have any doubts, questions, second thoughts, you

20  should let the Court know, so that we can discuss your

21  concerns, okay?

22  MR. YANG:  Okay.

23  THE COURT:  All right.  Thank you very much.

24  MR. YANG:  Thank you.

25  MS. LOCK:  Thank you.

1    THE COURT: All right. Mr. Solomon, I'll hear you.

2    MR. SOLOMON: Yes, Your Honor. We expect at the

3 status conference before Judge Cogan to ask that this case be

4 designated as a complex case. That's important due to the

5 substantial amount of discovery, much of which is in Chinese

6 language, both written and voice recordings. There are

7 numerous iCloud accounts that were recovered as part of the

8 underlying investigation.

9    Much of the underlying material is contained in

10 WeChat communications, which are in Chinese language, and so

11 there's going to be, I imagine, considerable negotiations

12 with the defense as to the appropriateness of certain draft

13 translations. Additionally, there will be litigation into

14 the Classified Information Procedures Act. And we think for

15 those reasons alone, Judge Cogan will designate this case is

16 complex and that provides this Court with a basis for finding

17 that interest of justice compel an exclusion of time.

18    THE COURT: All right. Has any discovery been

19 exchanged to date?

20    MR. SOLOMON: Not yet, Your Honor.

21    THE COURT: Okay. Do either defense counsel want

22 to address this?

23    MR. DUCHARME: So just with respect to the counts

24 against Mr. Hu, I mean, Mr. Hu is charged with bank fraud,

25 money laundering, and misuse of identification, and the

1  Government provided allegations in extraneous detail

2  throughout this whole indictment.  Frankly, the case against

3  Mr. Hu does not appear to be that complex.  Obviously, if

4  there's CIPA litigation down the road that -- pertaining to

5  these charges, we can revisit that, but Mr. Hu today stands

6  accused of what are relatively conventional familiar charges

7  in this courthouse.  They are not overly complex in nature,

8  as alleged, and Mr. Hu would like to proceed with a speedy

9  trial.

10          MR. SCHAEFFER:  And yes, Your Honor.  We've already

11  been in conversation with the Government and provided drives

12  and such for the turnover of electronic evidence.  I

13  understand that much of it may be in the Chinese language,

14  but I would expect the Government has already translated much

15  of that in order to actually bring these charges.  And if

16  they haven't, that's, you know, a separate issue.

17          To the extent that there is CIPA litigation,

18  perhaps we -- that will be a reason to address the exclusion

19  of speedy trial time, but as of this point, we have no

20  information regarding that.  And again, the Government just

21  acknowledged that it knows its discovery burdens that

22  includes classified evidence, and so presumably they have

23  already considered the steps that they would take to produce

24  that evidence if required.  So again, we're happy to revisit

25  it.  We're not trying to be difficult.  But right now, we

1    don't see a basis for excluding time.

2            THE COURT:  All right.  So yes, Mr. Solomon?

3            MR. SOLOMON:  Just to quickly address Mr.

4    DuCharme's point.  With respect to the financial fraud

5    charges in this case, the defendants' operated a multitude of

6    shell entities and business entities.  There were more than

7    80 different accounts whose materials were subpoenaed as part

8    of the underlying financial investigation, so this is no

9    ordinary financial fraud.  With respect to CIPA litigation,

10   that's under the Classified Information Procedures Act, we do

11   not expect that we will have to get cleared counsel, but

12   there will be litigation to deal with certain materials.

13           THE COURT:  All right.  So under the Speedy Trial

14   Act, the defendants are entitled to a trial within 70 days,

15   right, so that means that it would be in November.  Based on

16   the information that I've read in the indictment and what I'm

17   hearing from the Government, there is a lot of information

18   that needs to be disclosed and exchanged.  The status

19   conference before Judge Cogan isn't for another three weeks,

20   and so at that point, if there's going to be a problem and

21   the parties want to go forward without excluding further

22   time, you're free to do that, but I think in the interest of

23   justice, I will exclude the time between now and that status

24   conference so that the parties can start exchanging

25   information and see what's at issue here.

1    Like I said, based on the 68-page indictment, it

2  does seem like there's a lot of information here, and Judge

3  Cogan may or may not designate it formally as a complex case,

4  but from where I sit, I think it makes sense in the interest

5  of justice to exclude the time so that everybody has a chance

6  to figure out what the evidence in this case will consist of.

7  So I will sign the order of excludable delay excluding the

8  time between now and September 25th.

9    All right.  Mr. Solomon, anything else?

10    MR. SOLOMON:  Nothing from the Government.  Thank

11  you, Your Honor.

12    THE COURT:  All right.  And for the defense.

13    MR. DUCHARME:  No, Your Honor.  Thank you.

14    THE COURT:  All right.

15    MR. SCHAEFFER:  No, Your Honor.

16    THE COURT:  Okay.  Thank you very much, everyone.

17  I signed the orders releasing Ms. Sun and Mr. Hu, so that's

18  it for today.  Thank you, everybody.

19

20

21    (Proceedings adjourned at 3:35 p.m.)

22

23

24

25

1    TRANSCRIBER'S CERTIFICATE

2         I certify that the foregoing is a correct

3    transcript from the electronic sound recording of the

4    proceedings in the above-entitled matter.

5

6                              September 5, 2024

7    *Natalie C. Webb*

8    _____     _____

9    Natalie C. Webb                          DATE

10   Legal Transcriber

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Superior Reporting Services LLC
P.O. Box 5032 Maryville, TN 37802
transcripts@superiorreporter.com