# BRACEWELL

September 20, 2024

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *United States v. Sun et al*, No. 24-cr-00346

Dear Judge Cogan:

We write on behalf of defendant Chris Hu and respectfully request that the time between his arraignment on September 3, 2024, and the status conference scheduled for September 25, 2024, not be excluded in accordance with his right to speedy trial.

At his arraignment, Mr. Hu asserted his right to speedy trial, however Judge Kuo, at the government's request, agreed to exclude the time between the arraignment and the first status conference – just over three weeks of time in total. "The right to a speedy trial has been deemed 'fundamental' to our system of justice since its inception." *United States v. Black*, 918 F.3d 243, 253 (2d Cir. 2019). That fundamental right has thus far been denied to Mr. Hu.

Courts may exclude time for various reasons, including but not limited to: a request by the parties if the judge finds a continuance serves the ends of justice, the absence of a defendant or essential witness, plea negotiations, and pre-trial motions. 18 U.S.C. § 3161(h). If a judge grants a continuance based on her findings that "the ends of justice served outweigh the best interest of the public and the defendant in a speedy trial", that reasoning must be articulated. U.S.C. § 3161(h)(7)(A). Judge Kuo articulated no sufficient basis for the exclusion of time from Mr. Hu's speedy trial clock as required by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) ("No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.").

**Mr. Seth D. DuCharme**
**Ms. Nicole Boeckmann**

T:+1.212.508.6165          F: +1.800.404.3970
31 W. 52nd Street, Suite 1900, New York,New York 10019-6118
seth.ducharme@bracewell.com          bracewell.com

AUSTIN   CONNECTICUT   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   SAN ANTONIO   SEATTLE   WASHINGTON, DC

# BRACEWELL

September 20, 2024
Page 2

Instead, Judge Kuo, in her decision to exclude time, relied on the government's assertions that they expect to move to designate the case complex, and that discovery was voluminous, saying, "[b]ased on the information that I've read in the indictment and what I'm hearing from the Government, there is a lot of information that needs to be disclosed and exchanged. … I think in the interest of justice, I will exclude the time between now and that status conference so that the parties can start exchanging information and see what's at issue here." Arraignment Transcript at 21, attached as Exhibit A. As explained in detail below, the interests of justice are not outweighed by Mr. Hu's right to a speedy trial, and Judge Kuo failed to articulate any reasoning for her finding other than acknowledging that "there's a lot of information here." Exhibit A at 22. As such, the time from Mr. Hu's arraignment through the status conference should not be excluded.

Among the factors a judge must consider in determining whether a continuance is warranted under § 3161(h)(7)(A), include whether the case is "so unusual or complex" that it is "unreasonable to expect adequate preparation" within the time limits of the Speedy Trial Act. U.S.C. § 3161(h)(7)(B)(ii). The government argued that it planned to move to designate the case as complex due to the voluminous discovery and translation needs. "Cases are complex where they, for example, involve numerous defendants, novel legal issues, myriad claims, or many necessary witnesses." *United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022) (internal citations omitted). While the determination of whether the case is complex has been deferred to Your Honor, the exclusion of time since the arraignment is improper.

Further, section 3161 states that, "[n]o continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation … on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C). According to the indictment, the government has been investigating Mr. Hu for years, and given the communications cited throughout, should be well positioned to begin providing discovery without delay. Counsel for the defense sent hard drives to the government on August 16, 2024, in order to retrieve data from the personal devices seized from Mr. Hu. As of September 20, 2024, over one month since sending the hard drives, and over two weeks since the arraignment, counsel for Mr. Hu has and yet to receive any discovery from the government.

Despite the government's lengthy indictment, there are only two defendants and ten counts, neither of which justifies the exclusion of time on the basis of the interest of justice. There was no complex case designation at the arraignment, and therefore no sufficient basis for the exclusion of three weeks, nearly one third of Mr. Hu's seventy-day trial clock.

Moreover, the charges against Mr. Hu – only three of the ten listed in the indictment – bank fraud conspiracy, money laundering conspiracy, and misuse of identification, though serious, are not presumptively complex. Such charges are commonly brought before this Court, and the charges against Mr. Hu are not tied to any of the FARA charges. Instead, the charges against Mr.

# BRACEWELL

September 20, 2024
Page 3

Hu are separate from the FARA charges against Ms. Sun. Mr. Hu is not accused of acting as a foreign agent, nor is any of the conduct he is alleged to have participated in connected to the FARA charges against Ms. Sun. Notably, the underlying specified unlawful activity underlying the money laundering is not FARA, but rather the bank fraud conspiracy. Such facts may warrant severance, and further emphasize that the exclusion of time since the arraignment was not proper as much of the discovery described by the government in its application was wholly related to FARA counts, which do not include Mr. Hu.

The government also argued that the translations of communications would require "considerable negotiations" with defense counsel. *See* Exhibit A at 19. Yet the government has made no efforts to begin such a dialogue despite having been positioned to share documents with defense upon receipt of the hard drives. In fact, defense counsel has been in frequent communication with the government as early as July 2024 following the execution of a search warrant on Mr. Hu's home. The government's delay is not an enumerated reason to exclude time under the Speedy Trial Act, nor is it in the interest of justice such that it outweighs the best interest of the public and Mr. Hu.

The Speedy Trial Act's seventy-day period was triggered on the date of the arraignment. 18 U.S.C. § 3161(c)(1). Mr. Hu is prejudiced by the exclusion of each day between the arraignment and status conference. The government has frozen most of his accounts, the media attention has brought enhanced scrutiny upon him, and he is eager to affirm his innocence so that he may continue to provide for his family and move forward with his life.

For the reasons identified above, the time between the arraignment and the status conference should not be excluded from the speedy trial clock.

Very truly yours,

*Seth D. DuCharme*

Seth D. DuCharme
Nicole Boeckmann