

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS/RMP
F. #2021R00600

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 24, 2024

Kenneth Abell
Jarrod L. Schaeffer
Abell Eskew Landau LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001

Seth DuCharme
Nicole Boeckmann
Bracewell LLP
31 W. 52nd Street, Suite 1900
New York, NY, 10019-6118

By Email and ECF

Re: United States v. Sun, et. al.
Criminal Docket No. 24-CR-346 (BMC)

Dear Counsel:

This letter will be accompanied by a link, sent by separate e-mail, to the secure download of certain discovery materials produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendants.

I. The Government's Discovery

   A. Records Obtained During the Investigation

The following records were obtained by the government during the course of the investigation:

| Bates No. | Description of Item |
|---|---|
| EDNY_000001 – EDNY_008113 | Records from the New York State Executive Chamber |
| EDNY_008114 – EDNY_008237 | Records from the New York State Commission on Ethics and Lobbying in Government |
| EDNY_008238 – EDNY_008279 | Records from the New York State Department of Labor |

   B. Documents and Tangible Items

The following documents were obtained by the government during the course of the investigation:

| Bates No. | Description of Item |
|---|---|
| EDNY_008280 – EDNY_008362 | Affidavit for Search Warrants (24-MJ-2841) for Homes, Devices, and Safe Deposit Boxes |
| EDNY_008363 – EDNY_008479 | Affidavit for Search Warrant (24-MC-3106) for the business identified in the Indictment as the "Wine Store" |
| EDNY_008480 – EDNY_008592 | Affidavit for Search Warrant (24-MC-3252) for the Wine Store's business records |

   C. Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

D.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling an expert at trial to testify about the structure of the government of the People's Republic of China ("PRC"), including its intelligence apparatus, the Chinese Communist Party, and the United Work Front Department, as well as the relationships between these entities, establishments of the PRC government in the United States, and local Chinese community organizations.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E.  Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendants allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendants' possession, custody or control, and that the defendants intend to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendants intend to call at trial.

The government also requests that the defendants disclose prior statements of witnesses who will be called by the defendants to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendants disclose a written summary of testimony that the defendants intend to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendants' intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendants intend to rely in establishing the defense identified in any such notice.

III.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE<br>
United States Attorney

By:     /s/ Alexander A. Solomon
        Alexander A. Solomon
        Robert M. Pollack
        Assistant U.S. Attorneys
        (718) 254-7000

cc:    Clerk of the Court (BMC) (by ECF) (without download link)