AAS
F. #2021R00600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

LINDA SUN,
      also known as "Wen Sun," "Ling Da
      Sun," and "Linda Hu," and
CHRIS HU,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

[PROPOSED] ORDER

24 CR 346 (BMC)

[PROPOSED] PROTECTIVE ORDER PURSUANT TO SECTION 4
OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND
RULE 16(d)(1) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

      This action is before the Court on the government's ex parte application for a protective order pursuant to Section 4 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), and Rule 16(d)(1) of the Federal Rules of Criminal Procedure seeking to withhold from discovery certain classified materials ("the materials"), filed on December 30, 2024 ("the application"). After ex parte, in camera inspection and consideration of the application and the accompanying exhibits, the Court finds, pursuant to Section 4 of CIPA and Rule 16(d)(1), that the government's application contains classified information that requires protection against unauthorized disclosure for reasons of national security. Specifically, the Court finds that disclosure of the classified materials to the defense, or to the public, reasonably could be expected to cause serious damage to the national security of the United States. See United States v. Farekh, 956 F.3d 99, 106-09 (2d Cir. 2020) ("the District Court properly exercised its

1

authority under CIPA when it reviewed and adjudicated the Government's CIPA motions <u>ex parte</u> and <u>in camera</u>" even where defense counsel has requisite security clearance).

The First Amendment right of access to court documents may be curtailed in favor of a compelling government interest provided that the limitation on access is "narrowly tailored to serve that interest." <u>Globe Newspaper Co. v. Superior Ct.</u>, 457 U.S. 596, 606-07 (1982); <u>see also</u> <u>Press-Enterprise Co. v. Superior Ct.</u>, 464 U.S. 501, 510 (1984) ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978) (common law right of access may be outweighed by an important competing interest). Here, the Court finds that the government's interest in protecting the national security and preventing the unnecessary dissemination of classified information outweighs the defendants' and/or public's right of access to these materials. <u>See</u> <u>Haig v. Agee</u>, 453 U.S. 280, 307 (1981) ("[N]o governmental interest is more compelling than the security of the Nation."); <u>Snepp v. United States</u>, 444 U.S. 507, 509 n.3 (1980) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

WHEREAS the government, in its motion and application, seeks a protective order against disclosure of certain classified information to the defense because that information is not discoverable under applicable law or is not helpful or material to the defense;

WHEREAS the Court finds that disclosure of the motion or accompanying materials to the defense or the public would defeat the government's purpose in seeking a protective order;

WHEREAS the Court further finds that the government's application is so interrelated with classified information as to make impracticable the filing of meaningful redacted materials that do not divulge classified information, and that no reasonable alternative to closure and sealing exists that will protect the government's interest in preventing the unauthorized dissemination of this information;

WHEREAS this protective order is drawn as narrowly as possible under the circumstances;

WHEREAS the government has properly invoked the state secrets privilege with respect to the materials pursuant to United States v. Aref, 533 F.3d 72, 80 (2d Cir. 2008) (holding that the privilege must be "lodged by the head of the department which has control over the matter, after actual personal consideration by that officer" (internal quotation marks omitted));

WHEREAS the Court has determined that the classified materials to be withheld are not "helpful or material to the defense," see United States v. Stewart, 590 F.3d 93, 131 (2d Cir. 2009);

WHEREAS the Court finds that the classified information sought to be excluded from discovery is either not discoverable under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny, or Federal Rule of Criminal Procedure 16; or that such discovery value is outweighed by the potential danger to national security that might ensure after disclosure; it is hereby

ORDERED that the government's application for a protective order to withhold certain classified materials from discovery is granted; and

IT IS FURTHER ORDERED that the government's request to file its classified application ex parte and in camera is granted because disclosure of the contents of the application

to the defendants or the public would compromise the government's compelling interest in protecting national security and would defeat the purpose of the protective order. See also United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010).

Brooklyn, New York
December 30, 2024

                        SO ORDERED.

*Brian M. Cogan*
_____
HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

4