

U.S. Department of Justice

United States Attorney
Eastern District of New York

AFM:AAS/RMP/ADR/AS
F. #2021R00600

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 12, 2025

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Linda Sun, et al.
     Criminal Docket No. 24-346 (S-4) (BMC)

Dear Judge Cogan:

  The government respectfully submits this letter seeking reconsideration of the Court's decision not to allow IRS Revenue Agent Richard Berzansky to attend trial proceedings so that he may calculate the defendant's tax liability in light of the admitted evidence and testify thereto. Revenue Agent Berzansky's presence is necessary because—as the government may not have made sufficiently clear during oral argument—his summary testimony will integrate and rely on large volumes of information admitted during the trial itself, a task which cannot reasonably be performed without attending the proceedings.

  As the government indicated, it anticipates calling Agent Berzansky at the end of its case to testify as a summary lay witness to summarize bank and financial records, summarize tax returns and information, compute unreported receipts and income, and compute unreported tax due and owing. Courts have recognized that such testimony from IRS agents is common and permissible in cases involving tax crimes. *See United States v. Cadet*, No. 08-CR-458 (NGG), 2009 WL 2959606, at *4 (E.D.N.Y. Sept. 11, 2009), *aff'd*, 664 F.3d 27 (2d Cir. 2011) (collecting cases). Agent Berzansky's testimony will be based primarily on already-admitted evidence, as well as evidence the parties have agreed to admit by stipulation or that is otherwise admissible without a fact witness present.

  In order for Agent Berzansky to summarize these records and compute the tax loss in this case, the government respectfully requests that Agent Berzansky be allowed to be present in the courtroom during the testimony of the other witnesses. Federal Rule of Evidence 615 generally permits parties to request the court to exclude witnesses from the courtroom before they testify, but Rule 615(3) provides an exception for witnesses "whose presence a party shows to be essential to presenting the party's claim." Fed. R. Evid. 615(3). Numerous courts have held that summary witnesses fall within the exception articulated in Rule 615(3) and should be permitted to remain in the courtroom to summarize the evidence introduced at trial. *See e.g., United States v.*

*Ray*, No. 20-CR-110 (LJL), 2022 WL 558146, at *16 (S.D.N.Y. Feb. 24, 2022) (allowing IRS revenue agent testifying as summary witness to attend trial proceedings); *United States v. Stierhoff*, 549 F.3d 19, 27 (1st Cir. 2008) (same, and noting that summary testimony of revenue agent "fits comfortably within the mine-run of permissible summary witness testimony in tax cases"); *United States v. Lussier*, 929 F.2d 25, 30 (1st Cir. 1991) (case agent who was summary witness allowed to remain in courtroom). As Judge Liman concluded in *Ray*, "The Government has satisfied Federal Rule of Evidence 615's sequestration exception for a witness 'whose presence a party shows to be essential to presenting the party's claim or defense.' Fed. R. Evid. 615(c). Agent Catanzaro's summary testimony must be based on the evidence. . . . Her presence therefore is essential." *Ray*, 2022 WL 558146, at *17 (quoting *United States v. Koskerides*, 877 F.2d at 1134).

In a follow-on ruling, Judge Liman provided additional rationale for his decision, noting that none of the goals of sequestration would be served by excluding an IRS revenue agent testifying as a summary witness. *See United States v. Ray*, 589 F. Supp. 3d 298, 301-02 (S.D.N.Y. 2022) (quoting *United States v. Russell*, No. 09-CR-266, 2010 WL 717901, at *1 (D. Conn. Feb. 23, 2010) (explaining that the two common-law goals underlying sequestration are "preventing witnesses from tailoring their testimony to match that of earlier witnesses and isolating untruthful testimony")). As Judge Liman explained:

> [The revenue agent's] presence plainly is "essential to presenting" the Government's tax evasion claim, Fed. R. Evid. 615(c)—without a witness to testify that there is a substantial sum due and owing, the Government will not be able to present its tax evasion claim, *see United States v. Litwok*, 678 F.3d 208, 216 (2d Cir. 2012) . . . . Her testimony, which is critical to five of the counts charged, is not susceptible to tailoring. She is a summary witness whose role it will be to provide tax calculations based on the testimony of others at trial. *See United States v. Prichard*, 781 F.2d 179, 183 (10th Cir.1986) (explaining that testimony regarding "simple objective facts" is "ordinarily not subject to tailoring, and, if it were, it could have been exposed easily"). It therefore also will not cover the same issues as other witnesses because she alone will provide the Government's tax calculations; others will provide the testimony upon which the tax calculations are based . . . . And as Judge Román has cogently noted, the presence of the summary witness at trial can only make her testimony more accurate for the jury and all participants at trial by "ensur[ing] she only comments on evidence properly admitted at trial." *Barnwell*, 2017 WL 1063457, at *3.

*United States v. Ray*, 589 F. Supp. 3d 298, 301-02 (S.D.N.Y. 2022) (quoting *United States v. Barnwell*, 2017 WL 1063457, at *3 (S.D.N.Y. Mar. 20, 2017) (holding that IRS summary agent's presence was essential to the presentation of the government's case and that it would be more efficient to allow the agent "to follow the evidence as it is presented to ensure she only comments

2

on evidence properly admitted at trial, and to ensure the accuracy of her testimony should cross-examination 'bring out any facts not considered' by the government's other witnesses").

That reasoning applies with equal force here. The government's evidence in this case includes voluminous records, contracts, checks, financial statements, and similar records. Agent Berzansky's presence in the courtroom is essential to the presentation of the government's case because it will enable him to synthesize documents and witness testimony in his capacity as a summary witness so that he can perform his tax calculations based on admitted evidence. *See Cadet*, 2009 WL 295606, at *5 ("Agent Stamm will be testifying based only on the facts provided by other witnesses at trial, and not based on any personal knowledge of the facts."). To that end, Agent Berzansky has recently been permitted to attend trial proceedings in this district and elsewhere in which he was called by the government as a testifying agent. *See, e.g., United States v. Pilitz*, 17-CR-53 (JS) (E.D.N.Y. Nov. 7, 2022); *United States v. Ibrahim Issa*, 17-CR-74 (CM) (S.D.N.Y. Dec. 14, 2018).[1]

Nor is it improper for Agent Berzansky to describe tax and other forms that are necessary to relaying his tax calculation. As multiple courts have observed, such testimony does not go beyond the expected and acceptable testimony of an IRS revenue agent in a tax case like this one. *See, e.g., Ray*, 2022 WL 558146, at *16 (citing *United States v. Sabino*, 274 F.3d 1053, 1067–68 (6th Cir. 2001), opinion amended and superseded, 307 F.3d 446 (6th Cir. 2002) (affirming IRS agent testifying as a summary witness where she "analyzed the multitude of documents and testimony admitted into evidence and properly testified as to the government's calculation of tax due from the [defendants]")). As Judge Liman noted, this "result follows logically from the Second Circuit's conclusion, on a related issue, that '[a] witness's specialized knowledge, or the fact that he was chosen to carry out an investigation because of this knowledge, does not render his testimony 'expert' as long as it was based on his 'investigation and reflected his investigatory findings and conclusions, and was not rooted exclusively in his expertise.'" *Id.* (quoting *United States v. Rigas*, 490 F.3d 208, 224 (2d Cir. 2007)).

---

[1] The Court has already indicated that it would permit Agent Berzansky to view trial transcripts, and the defense had no objection to this proposal. Thus, the concerns of Rule 615 are not in question. The defense has not articulated any reason why allowing Agent Berzansky to sit in the courtroom gallery would create an additional concern beyond reading the transcripts. On the other hand, without being in the courtroom, Agent Berzansky would have to rely on interpreting hundreds of pages of daily court transcripts without the benefit of being able to view any of the exhibits that are accepted into evidence and displayed in the courtroom, making his task nearly impossible and potentially delaying trial.

Accordingly, the government respectfully asks that the Court grant Revenue Agent Berzansky permission to remain in the courtroom throughout the trial.

                        Respectfully submitted,

                        JOSEPH NOCELLA, JR.
                        United States Attorney

By:    /s/ Andrew D. Reich
       Alexander A. Solomon
       Robert M. Pollack
       Andrew D. Reich
       Amanda Shami
       Assistant U.S. Attorneys
       (718) 254-7000

cc:     Clerk of the Court (by Email and ECF)
        Defense counsel (by Email and ECF)