

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

AFM:AAS/RMP/ADR/AS
F. #2021R00600

December 3, 2025

By ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Linda Sun, et al.
              Criminal Docket No. 24-346 (S-4) (BMC)

Dear Judge Cogan:

      The government respectfully submits the below requests to charge for the Court's consideration. These requests supplement the government's previously filed requests to charge, *see* ECF No. 280, and any additional requests or arguments the government may make during the charging conference.

    I.     Count Two: FARA

      The Court should decline to instruct the jury on the exemption to the Foreign Agents Registration Act ("FARA") under 18 U.S.C. § 613(d)(2). As the government argued prior to trial, application of the exemption is an affirmative defense that must be proved by the defendant by a preponderance of the evidence. *See* ECF No. 199; 28 C.F.R. § 5.300; *Att'y Gen. of U.S. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 255 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159 (2d Cir. 1982).

      To meet her burden, Sun will need to have demonstrated that, although she did act as an agent, *all* of her political activities at the behest of the PRC and/or CCP were predominantly in the interest of the United States or the state of New York. She has not made, and cannot make, such a showing. Instead, Sun still disputes the issue of agency and has not presented any significant evidence in support of her claimed affirmative defense. Nor has she informed the government of any witnesses she intends to call that would support the defense (or disclosed any exhibits or Rule 26.2 materials supporting it). Indeed, when the government called Jeffrey Gilday, a program analyst at the Department of Justice's National Security Division who reviews FARA registration filings for compliance with the relevant laws and regulations, Sun's counsel did not ask him about Section 613(d)(2) or its requirements, or about activities not "predominantly" in a foreign interest. Tr. 1464-66.

Because the record does not support her affirmative defense, Sun is not entitled to the jury instruction. *See United States v. Ngono,* 801 F. App'x 19, 22 (2d Cir. 2020) ("A defendant is entitled to an instruction on an affirmative defense only if the defense has a foundation in the evidence.") (citing *United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005)); *United States v. White*, 552 F.3d 240, 246 (2d Cir. 2009) ("A federal court may decline to instruct on an affirmative defense [] when the evidence in support of such a defense would be legally insufficient.") (citations omitted); *see also United States v. Menendez*, 23-CR-490 (SHS) (S.D.N.Y. Apr. 3, 2024) (ECF No. 276) (requiring defendant to disclose evidence supporting affirmative defense under Section 613(d)(2) prior to trial).

II. <u>Count Three: Visa Fraud</u>

The government proposes the following addition to the Court's proposed instruction on visa fraud, based on 18 U.S.C. § 2(b), which is specifically alleged in Count Three of the S-4 Indictment:

"The first element that the Government must prove beyond a reasonable doubt is that defendant presented some kind of document containing a false statement as alleged in the Indictment, **or willfully caused another to do so**."

*See* 18 U.S.C. § 2(b) ("Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.").

III. <u>Counts Four through Seven: Bringing in Aliens</u>

The government proposes the following additions to the Court's proposed instruction on bringing in aliens, based on 18 U.S.C. § 2(b), which is specifically alleged in Counts Four to Seven of the S-4 Indictment:

"The first element of the offense which the Government must prove beyond a reasonable doubt is that the defendant encouraged or induced one or more aliens to come to or enter or remain in the United States in violation of law, **or willfully caused another to do so**."

*See* 18 U.S.C. § 2(b).

The government further proposes that the Court instruct the jury separately on the elements of the offense and the sentencing enhancement for committing the offense for private financial gain, and amend the verdict form accordingly. Thus, the government proposes the following alterations to the Court's proposed instruction:

"In order to satisfy its burden of proof for the offense charged in those counts, the Government must establish each of the following essential elements beyond a reasonable doubt with respect to each alleged alien:

<u>First</u>, that the defendant encouraged or induced the alien to come to, enter, or reside in the United States in violation of law; and

Second, that the defendant did so knowing that such coming to, entering or residing in the United States was or would be in violation of law, or that the defendant acted with reckless disregard of that fact.

[Insert Part A of the Court's proposed instruction as amended above.]

[Insert Part B of the Court's proposed instruction.]

If you find that the government has proven beyond a reasonable doubt that the defendant is guilty of any of the offenses charged in Counts Four through Seven, then you must next determine, as to each of those offenses, whether the government has proven beyond a reasonable doubt that the defendant acted for the purpose of commercial advantage or private financial gain.

[Insert Part C of the Court's proposed instruction.]"

*See United States v. Allende-Garcia*, 407 F. App'x 829, 835 (5th Cir. 2011) ("On the verdict form, if the jury determined that Allende–Garcia was guilty of committing the transportation offense, which consisted of the first three elements, it then had to check 'yes' or 'no' in answer to a question asking whether Allende–Garcia had committed the offense for the purpose of financial gain."); *United States v. Mejia-Luna*, 562 F.3d 1215, 1219 (9th Cir. 2009) ("By means of a special verdict form, the jury unanimously found beyond a reasonable doubt that, in connection with the commission of the [alien transporting] offense, Mejia-Luna [] acted for the purpose of obtaining a commercial advantage or private financial gain. . . ."); *United States v. Singh*, 532 F.3d 1053, 1062 (9th Cir. 2008) (same).

### III. Count Ten: Federal Program Bribery

The government proposes the following alteration to the Court's proposed instruction regarding federal program bribery:

"If you find that a defendant received a payment as a reward for an official act, but that official act occurred before the payment was agreed to ~~or given~~, then you must find her not guilty of Count Ten."

### IV. Count Eleven: Conspiracy to Commit Offenses Against the United States

The government requests that the Court include the government's below proposed instructions with respect to the dual objects of the conspiracy charged in Count Eleven, where the Court's proposed instructions currently only address one of the objects of the charged conspiracy.

"In this count, the government alleges that the purpose of conspiracy was to commit federal program fraud or federal program bribery. Thus, the conspiracy charged in Count Eleven alleges more than one objective, that is, multiple ways in which the members conspired to commit the conspiracy. The government need not prove that the defendant entered into an agreement to accomplish both of the unlawful objectives alleged. If you find unanimously that the defendant agreed to commit either objective, that is, either federal program fraud or federal program bribery, then that element of this count would be proved." ECF No. 280 at 64.

The government further requests that the Court include the government's proposed instruction on the elements of federal program fraud, which, unlike the elements for federal program bribery, are not contained anywhere else in the proposed charges. *See id.* at 64-66.

Lastly, the government requests that the Court revise the verdict form to ask, with respect to this count and as to each defendant, "If you found the defendant [Linda Sun / Chris Hu] guilty as to Count Eleven, indicate below the one or more objects of the conspiracy charged in Count Eleven which you all agree the defendant [Linda Sun / Chris Hu] conspired to commit (select as many as you all agree on): Object #1: Federal Program Fraud; Object #2: Federal Program Bribery."

V. Count Twelve: Conspiracy to Commit Bank Fraud

The government proposes the following alterations to the Court's proposed instruction on the substantive bank fraud elements that underly the object of the bank fraud conspiracy, where the elements of conspiracy do not require the government to prove the elements of the underlying substantive offense beyond a reasonable doubt, *see United States v. Ramsey*, No. 21-CR-495 (ARR), 2023 WL 2523193, at *48 (E.D.N.Y. Mar. 15, 2023) ("The government need not prove that the defendant or any co-conspirator actually committed the unlawful acts charged as the object of the conspiracy. . . ."):

"The first element ~~that the Government must prove, beyond a reasonable doubt, to establish~~ **of** the offense of bank fraud is that there was a scheme to defraud a bank . . . ."

"However, ~~the Government must prove, beyond a reasonable doubt, that,~~ **the offense of bank fraud requires that**, by executing the scheme ~~alleged in the Indictment~~, the defendant placed the bank at a risk of loss and that the bank did not knowingly accept such a risk."

"The second element ~~that the Government must prove, beyond a reasonable doubt, to establish~~ **of** the offense of bank fraud is that the defendant executed the scheme knowingly, willfully . . . ."

"The third and final element ~~that the Government must prove, beyond a reasonable doubt, to establish~~ **of** the offense of bank fraud is that the banks discussed in the Indictment were insured by the federal deposit insurance corporation . . . ."

VI. Count Thirteen: Misuse of Means of Identification

The government proposes the following alteration and addition to the instruction on misuse of a means of identification:

"To 'act without lawful authority' here means to have **used** the means of identification of another person without the person's consent or knowledge, **or to have used it with the person's consent or knowledge but for an unlawful purpose**."

*See United States v. Roberts-Rahim*, No. 15-CR-243 DLI, 2015 WL 6438674, at *7–9 (E.D.N.Y. Oct. 22, 2015) ("Recently, a number of courts have examined whether § 1028A is violated even when the defendant used another person's identifying information with that person's consent. The

4

issue has not yet been addressed by the Second Circuit. . . . Nevertheless, every single Court of Appeals that has considered the issue, except for one, has ruled that § 1028A is violated whenever the defendant uses another person's identity in furtherance of one of the enumerated crimes, regardless of whether the other person consented to the use. That majority view is shared by the district courts in this Circuit that have ruled on the issue.") (citing cases); *United States v. Ivanova*, No. 11 CR. 614, 2014 WL 11510255, at *5–6 (S.D.N.Y. Mar. 19, 2014); *United States v. Velentzas*, No. 15-CR-213 (SJ), 2019 WL 3252961, at *6 (E.D.N.Y. July 16, 2019).

VII. <u>Counts Eighteen and Nineteen</u>

The government proposes the following additions to the Court's proposed instruction on tax evasion:

"Second, that the defendant committed **one or more of** the affirmative acts constituting tax evasion that are described in Counts Eighteen and Nineteen, specifically: (a) using a nominee account of Mei Ping Sun held at Signature Bank; (b) transferring funds from the Cousin's Account to the account of Mei Ping Sun; ~~and~~ (c) making false entries on QuickBooks for Medical Supplies USA; **and (d) signing and filing Forms 1040 for the relevant tax year**."

"The Government alleged the following ~~three~~ **four** acts: (a) using a nominee account of Mei Ping Sun held at Signature Bank, (b) transferring funds from the Cousin Account to the account of Mei Ping Sun; ~~and~~ (c) making false entries on QuickBooks for Medical Supplies USA; **and (d) signing and filing Forms 1040 for the relevant tax year**."

VIII. <u>Aiding and Abetting</u>

The government respectfully requests that the Court include an aiding and abetting instruction with respect to honest services wire fraud, as charged in Count Nine, and federal program bribery, as charged in Count Ten. *See* 18 U.S.C. § 2(a); ECF No. 280 at 92.

The government respectfully requests that the Court include a willfully causing a crime instruction with respect to visa fraud, as charged in Count Three, and bringing aliens into the United States, as charged in Counts Four through Seven. *See* 18 U.S.C. § 2(a). A proposed instruction is below:

"Even if you find that the defendant did not directly engage in the crime of visa fraud, as charged in Count Three, or bringing in aliens, as charged in Counts Four through Seven, you must consider whether the government has met its burden by proving that the defendant caused another person to physically commit the crime. Section 2(b) of the aiding and abetting statute reads as follows: 'Whoever willfully causes an act to be done which, if directly performed by him, would be an offense against the United States, is punishable as a principal.' What does the term 'willfully caused' mean? It does not mean that the defendant herself need have physically committed the crime or supervised or participated in the actual criminal conduct charged in these counts of the indictment. The meaning of the term 'willfully caused' can be found in the answers to the following questions:

5

With respect to Count Three, did the defendant know that a false statement was being presented? Did the defendant intentionally cause another person to present the false statement?

With respect to Counts Four through Seven, did the defendant know or act with reckless disregard of the fact that the alien's coming to the United States would be in violation of law? Did the defendant intentionally cause another person to encourage or induce the alien to come to the United States in violation of law?

As to each count, if you are persuaded beyond a reasonable doubt that the answer to both of these questions is 'yes,' then the defendant is guilty of the crime charged just as if she herself had actually committed it."

*See* Sand et al., Modern Federal Jury Instructions—Criminal, Instr. 11-3.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:        /s/       
      Alexander A. Solomon
      Robert M. Pollack
      Andrew D. Reich
      Amanda Shami
      Assistant U.S. Attorneys
      (718) 254-7000

cc: Clerk of the Court (by Email and ECF)
     Defense counsel (by Email and ECF)