

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AFM:AAS/RMP/ADR/AS  
F. #2021R00600

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

December 9, 2025

By ECF

The Honorable Brian M. Cogan  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    United States v. Linda Sun, et al.  
             Criminal Docket No. 24-346 (S-4) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter providing additional requests to charge, as discussed during the charging conference.

    I.    Elements of New York Penal Law 200.10

      The government requests that, in connection with Count Fourteen of the S-4 Indictment, the Court instruct the jury as to the elements of Bribe Receiving in the Third Degree, pursuant to New York Penal Law Section 200.10. Section 200.10 states: "A public servant is guilty of bribe receiving in the third degree when he or she solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his or her vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced." N.Y. Penal Law § 200.10; *see Halloran v. United States*, No. 13-CR-297 (KMK), 2020 WL 589410, at *5 (S.D.N.Y. Feb. 6, 2020).

      The government proposes that the Court read the text of the statue and then provide the following additional instruction:

      "The elements of Bribe Receiving in the Third Degree are as follows:

      *First*, the defendant was a public servant;

      *Second*, the defendant solicited, accepted, or agreed to accept a benefit; and

      *Third*, the defendant did so upon the understanding that her opinion, judgment, action, decision, or exercise of discretion would thereby be influenced.

The term 'public servant' means any public officer or employee of the state or any political subdivision thereof or any governmental instrument within this state or any person exercising the function of any such public office. This term includes people who work for government agencies, departments, boroughs and other government entities.

The term 'benefit' means any gain or advantage to the person getting it.

It is immaterial that the result sought by the bribe giver is a lawful and proper one, or that the outcome sought would have happened in the absence of a bribe. It is also immaterial if the public servant failed to keep her promise or agreement with the bribe giver."[1]

II.   Multiple Conspiracies Instruction

Additionally, as discussed during the charging conference, the government respectfully requests that the Court limit its "Multiple or Single Conspiracies" instruction to conspiracies in which both defendants are charged, or specifically exclude from its purview the FARA conspiracy charged in Count One. Multiple conspiracy analysis is inapplicable to charges against a single defendant, even if that defendant is implicated in conspiratorial agreements with multiple individuals. Courts in the Second Circuit and elsewhere have applied this principle when fashioning appropriate jury instructions. *United States v. Magassouba*, No. 03-CR-985 (RPP), 2010 WL 624284, at *9 (S.D.N.Y. Feb.22, 2010) ("The weight of Second Circuit authority instructs that a multiple conspiracy charge is not appropriate in a single-defendant case such as this.") (citations omitted), *aff'd*, 433 F. App'x 10 (2d Cir. 2011); *United States v. Ulbricht*, No. 14-CR-68 KBF, 2015 WL 413426, at *1 (S.D.N.Y. Feb. 2, 2015) (same and citing cases); *United States v. Carpenter*, No. 18-CR-362 (ADS), 2019 WL 3216619, at *3 (E.D.N.Y. July 17, 2019), *aff'd*, No. 21-837-CR, 2022 WL 16960577 (2d Cir. Nov. 16, 2022) ("This circuit has consistently ruled that a 'multiple conspiracies' instruction is not required when only one defendant is on trial. . . . Carpenter is being tried alone and the Government argued that he was at the hub of conspiratorial activity . . . ."); *United States v. Richardson*, 532 F.3d 1279, 1291 (11 Cir. 2008) (Trager, J.) ("[I]t seems clear that the instruction is intended for use in cases charging multiple defendants with a single conspiracy, which makes sense. In those cases there is a legitimate concern that a defendant who operated on the periphery of a large, overarching conspiracy will be unfairly grouped in with a larger conspiracy than he intended to join. The same cannot be said of cases, like this one, where the indictment charges only one defendant who is at the hub of the conspiracy."); *United States v. Anguiano*, 873 F.2d 1314, 1317-18 (9th Cir. 1989) ("there is no problem of spillover prejudice when . . . the defendant stands trial alone" and single defendants are not entitled to a multiple conspiracies instruction on that basis); Sand, Modern Federal Jury Instructions, Instruction 19-5 Commentary (citing cases).

---

[1] Adapted from *Charges to the Jury and Requests to Charge in a Criminal Case in New York* § 16:16, Bribe Receiving—Third Degree—Model Charge, Howard G. Leventhal Database, updated October 2005.

III.      Verdict Form

Lastly, as a result of changes that were made today during the charging conference, the government requests that the title of Count Eleven on the verdict form be changed from "Conspiracy to Commit Offenses Against the United States" to "Conspiracy to Commit Federal Program Fraud or Bribery," which the government believes will be more helpful to the jury absent any other indication on the verdict form that these are the objects of the conspiracy charged in that count.

                                             Respectfully submitted,

                                             JOSEPH NOCELLA, JR.
                                             United States Attorney

By:     /s/   Anrew D. Reich
            Alexander A. Solomon
            Robert M. Pollack
            Andrew D. Reich
            Amanda Shami
            Assistant U.S. Attorneys
            (718) 254-7000

cc:      Clerk of the Court (by Email and ECF)
          Defense counsel (by Email and ECF)