

**JARROD L. SCHAEFFER**
646-970-7339 (direct dial)
jschaeffer@aellaw.com
aellaw.com

256 Fifth Avenue, 5th Floor
New York, New York 10001

December 11, 2025

**By ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *United States v. Linda Sun, a/k/a "Wen Sun," "Ling Da Sun," and "Linda Hu," and Chris Hu*, S4 24 Cr. 346 (BMC) (TAM)

Your Honor:

      We represent Linda Sun in the above-referenced matter and, on behalf of both defendants, respectfully submit this letter concerning the government's request that the Court reconsider portions of its final charge, which was substantially delivered to the jury today.

      For the reasons discussed below, the government's request to further expand the discussion of aiding-and-abetting liability should be denied. Granting that request—when the Court has already delivered much of the current charge—would be unfair and cause irreparable prejudice to the defendants.

DISCUSSION

      Trial in this matter began with jury selection on November 10, 2025. The government began its case-in-chief on November 12, 2025, and rested on December 5, 2025. The defense's case-in-chief began on December 8, 2025, and the defense rested on December 9, 2025.

      At the Court's direction, the parties filed their requests to charge on November 17, 2025. (*See* Dkts. 280, 282.) On November 30, 2025, the Court provided the parties with its proposed jury charge and verdict sheet. (Dkt. 300.) On December 3, 2025, both parties filed proposed additions and modifications to the Court's proposed jury charge. (*See* Dkts. 306, 307.)

      The Court provided a revised jury charge and verdict form on December 7, 2025. The next day, December 8, 2025, the Court held a charge conference during which the entirety of the jury charge and verdict form were discussed. During that conference, the government raised the concern it articulated today about the Court's proposed instruction on aiding-and-abetting liability. Specifically, after apologizing that it "hadn't had an opportunity to look at this particular section very closely," the government noted that "Your Honor here outlines one type of aiding and abetting under 18 U.S.C. [§] 2, which is in part A," and "suggest[ed] that perhaps at this point the Court

also instruct as to part B, since there are a couple of counts that specifically are being proposed on that theory, a causing theory rather than an aiding and abetting theory." (Trial Tr. at 3251:7.) In response, the following exchange occurred:

> THE COURT: Well, do you want me to just quote both sections of the statute?
>
> MR. REICH: Absolutely, Your Honor, I think that would be fine. We did suggest some additional instructions in our most recent letter as to causing that we would propose adding here if the Court found it appropriate.

(*Id.* at 3251:15–20.) The Court correctly recognized that additional instruction regarding that theory of liability might pose issues for the defense, and thus inquired further:

> THE COURT: I suppose the Defense doesn't want those?
>
> MR. SCHAEFFER: I don't think so, Your Honor. I'm not sure that there was – I'm just not sure where that theory would apply.
>
> THE COURT: I'm not sure where either.

(*Id.* at 3251:21–3252:1.) The government then explained its theory that the "willfully causing" portion of the aiding-and-abetting statute should be included with respect to the visa fraud count. (*See id.* at 3252:2–24.) The Court accepted the government's argument and said that it "w[ould] add something back in to that effect." (*Id.* at 3253:1.)

Following the charge conference, the defense proposed additional instructions regarding the state bribery offense that would be included in the final charge. (*See* Dkt. 317.) The government did the same the following day, including in its letter an additional argument seeking to exclude Count One from the Court's multiple conspiracies instruction.[1] (*See* Dkt. 318.) The government did not propose additional language regarding aiding-and-abetting liability.

In the afternoon on December 9, 2025, the Court provided the parties with its final revised jury charge and verdict form. That revised charge included the language regarding aiding-and-abetting liability that the Court read to the jury today. The government also began its closing argument on December 9th. And later that evening, the government filed another letter regarding

---

[1] The Court ultimately granted that request over objection. The defense respectfully submits that was error because it effectively relieves the government of its burden to prove crucial aspects of Count One, including—as counsel noted—both that there was some agreement capable of sustaining a single conspiracy and that the conduct forming the basis of Count One occurred within the statute of limitations. Exempting Count One was particularly inappropriate given that the Court previously denied motions to dismiss Count One, in part, on the basis that any question regarding multiple conspiracies was a factual determination for the jury to make. (*See* Dkt. 100 at 18–19.) Yet the Court has now withdrawn that very question from the jury.

the final jury charge, which sought to have the Court omit a different instruction.[2] (*See* Dkt. 319.) That letter made no mention of the aiding-and-abetting issue that the government raised today.

The following morning, on December 10, 2025, the Court provided an updated version of the final jury charge, which removed the instruction on "Character Evidence" as no such evidence had been offered. The government then concluded its closing argument. The defendants delivered their summations and the government followed with its rebuttal. The Court then informed the jurors and the parties that they would reconvene today at 2:00 PM so that the jury could be charged. (Trial Tr. at 3721:8–3722:1.) Again, the government made no mention of the aiding-and-abetting issue. Nor did it file any letter that evening or the next morning concerning the issue. Instead, the government waited until everyone had reconvened for the jury to be charged.

The language that the Court used to instruct the jury today on aiding-and-abetting liability has been included in its final charge for days. Moreover, that language already addressed the government's concern about omitting § 2(b) liability and made other changes to clarify the applicability of the "willfully causing" theory. Those changes tracked the discussion at the charge conference, during which the Court asked whether it should "just quote both sections of the statute," and the government responded, "[a]bsolutely, Your Honor, I think that would be fine." (Trial Tr. at 3251:15–20.) While government also had noted that it "suggest[ed] some additional instructions . . . if the Court found it appropriate" (*id.* at 3251:17–20), it should have been apparent by December 9th that the Court had chosen not to include that additional language. Yet the government did not raise the issue again until today.

Now, once again—as it has done numerous times throughout this case—the government seeks reconsideration of the Court's decision not to include additional instructions that the government previously proposed regarding aiding-and-abetting liability. The Court should not acquiesce this time. It has already begun charging the jury—indeed, it is more than halfway through—and has already delivered its instruction on aiding-and-abetting liability. Returning to that instruction now—especially to further highlight a potential basis for conviction—would unduly focus the jury on that specific instruction and seriously risk suggesting that jurors should give special consideration to that basis for liability. That is especially true with respect to Ms. Sun, as aiding-and-abetting liability is not relevant to any remaining offenses against her as to which the Court will instruct the jury.

The government had many opportunities to raise this concern *before* the Court began charging the jury—indeed, it actually filed a letter regarding the jury charge after this aiding-and-abetting language was revised, but it made no mention of the issue. Nor is the government prejudiced by the charge as is—the Court already revised that charge to include the additional § 2(b) basis highlighted by the government, so it was not omitted.[3] The government simply wants

---

[2] The defense had specifically requested the inclusion of a venue instruction in a prior letter. (*See* Dkt. 308 at 8–9.) The government sought to have that charged removed. (*See* Dkt. 319.) The Court correctly declined that request. (*See* Trial Tr. at 3530:8–12.)

[3] In contrast, the Court's final charge did not include aiding-and-abetting clarifications that *the defense* requested and the Court indicated would implemented. (*See* Trial Tr. at 3254:2–10 ("MR. SCHAEFFER: [ . . . ] But if the Court is going to instruct something on B as well, I think

to add *more* to the aiding-and-abetting instruction, and seeks—in effect—reconsideration of the Court's prior decision not to adopt its proposed instruction in its entirety.

There is no reason to grant that request in the middle of charging the jury. There certainly is no justification for doing so when the government was dilatory in raising the issue. And there is every reason *not* to do it given the unfair prejudice to the defendants that will result.

## CONCLUSION

For the foregoing reasons, we ask the Court to reject the government's request to revise the charge that it has already begun delivering to the jury. Doing so at this stage—especially to reemphasize a theory of liability out of step with the remainder of the charge—is unwarranted, unfair, and unduly prejudicial.

We thank the Court for its attention to this matter.

Respectfully submitted,

*Jarrod L. Schaeffer*

Jarrod L. Schaeffer

ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001
(646) 970-7339
jschaeffer@aellaw.com

cc: Counsel of Record (via ECF)

---

it makes sense to include another reminder about willfully here because that is the difference between A and B. THE COURT: Right. Okay. We'll do that."); *id.* at 3260:8–17 ("MR. SCHAEFFER: [ . . . ] As an aider and abettor of this offense. I think this phrase appears wherever aiding and abetting liability has been alleged. [ . . . ] Wherever it appears, I think we would just ask that the Court add at the end, if the government proves those elements as I have described them to you, beyond a reasonable doubt. THE COURT: That's fine.").) Yet the defense has respected the Court's decision and not sought additional bites at the apple. At some point, the defense must be able to rely on the Court's rulings when formulating its trial strategy and responses; it certainly should not be left worse off because it does not, like the government, belatedly seek reconsideration of the Court's rulings.