January 20, 2026


**BY ECF**

Hon. Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201


Re: *United States v. Linda Sun and Chris Hu*, 24 CR 346 (S-4) (BMC)

Your Honor:

    We represent Chris Hu and write on behalf of Mr. Hu and Ms. Sun regarding the scheduling of a retrial in the above-referenced matter. Pursuant to the Court's order, counsel will work with the government to provide Your Honor with a joint status report on or before January 23, 2026. We write now to alert the Court that without the Court granting a sufficient adjournment of the trial date for counsel to address concerns material to the defense, current counsel will move to withdraw at the upcoming status conference.

    As discussed further below, an adjournment of any retrial until November 2026, is necessary for several reasons. First, current counsel needs to address the defendants' strained financial position, which has resulted from the seizure of their assets, combined with the substantial effort and expense required to mount their legal defense. Second, additional time is necessary for ongoing negotiations with the government regarding a potential resolution that would avoid the need for a retrial. Third, if efforts to resolve the ongoing financial issues fail, new counsel will need sufficient time to familiarize themselves with this case.

    The defendants are currently unable to fund an effective defense through their counsel of choice. As detailed in the defendants' prior *Monsanto* motion (*see* Dkt. 115), over a year ago the defendants lost access to nearly all their assets even though it still has not been established that these assets were the proceeds of unlawful activity.[1] Those financial restraints presented and continue to present a number of challenges, including, for example, the need for an abruptly reconstituted (though highly effective) trial team. The last trial also extended well beyond prior estimates, placing greater burdens on the defendants'

---

[1] Many such assets were seized by the government in connection with the money laundering conspiracy charged in Count Fourteen, which the Court noted during trial might have been deficient under Federal Rule of Criminal Procedure 29. The assets remain seized nonetheless, preventing the defendants from funding their legal defense.

budget and resources. A second trial likely would not be any less complex, as the prosecution's theories and corresponding defenses continue to evolve. No one expects to see the same arguments, tried the same way, twice.

Counsel have weathered these financial burdens prior to and during trial of this case. However, continued defense efforts—whether negotiating a pretrial resolution or preparing for a retrial—necessarily will result in significant additional expenses. Absent the government agreeing to release seized assets to fund the defendants' legal expenses—or the Court ordering that assets be released for that purpose—counsel are unaware of funds sufficient to ensure that the defendants can mount a defense with their current counsel of choice. While counsel and the government have had good faith discussions, including as recently as this week, concerning the potential release of assets to pay the defendants' outstanding and future legal expenses, to date the government is unable to identify what, if any, assets it would be willing to release.[2] Additional time is needed to determine whether the defendants will be able to afford their counsel of choice. Moreover, even if assets are released, funding the defendants' legal defense will require some time to liquidate properties.

We have discussed these issues at length with Mr. Hu and Ms. Sun, who agree and consent to our withdrawal as counsel should the matters discussed above not be resolved sufficiently in advance of any retrial. The defendants further consent to the exclusion of time under the Speedy Trial Act through the date of the retrial for the same reasons, including ongoing plea negotiations with the government. If the Court grants the adjournment of the retrial to the fall, counsel will notify the Court no later than May 31, 2026, whether we will withdraw. If the Court declines to grant the adjournment to allow sufficient time to resolve these issues, then counsel will seek to withdraw at the upcoming status conference.

Respectfully submitted,

/s/ Seth D. DuCharme

Seth D. DuCharme

cc: Counsel of Record (via ECF)

---

[2] Prior to submitting this letter, counsel conferred with the government, which indicated that it required additional time to consider its position.